**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**J. Guadalupe BRAVO–MENDOZA, aka Daniel G. Bravo, aka Guadalupe Bravo–Mendoza, Defendant–Appellant.**

No. 11–50399.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2013.

Filed Feb. 15, 2013.

Jennifer L. Waier, Assistant U.S. Attorney, Office of the U.S. Attorney, Santa Ana, CA, Curtis A. Kin, Esquire, Assistant U.S. Attorney, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

John Carl Lemon, II, Law Offices of John C. Lemon, San Diego, CA, for Defendant–Appellant.

Before: KOZINSKI, Chief Judge, KLEINFELD and SILVERMAN, Circuit Judges.

## MEMORANDUM *

Bravo–Mendoza's waiver of counsel complied with *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). He was advised of, and acknowledged that he understood, the charges, potential sentence, and risks of self-representation. *United States v. Forrester*, 512 F.3d 500, 506–07 (9th Cir.2008).

*Indiana v. Edwards*, 554 U.S. 164, 177–78, 128 S.Ct. 2379, 171 L.Ed.2d 345 (2008), does not require that a district court conduct a hearing to determine whether a defendant who is competent to stand trial is also competent to represent himself at trial. Rather, *Edwards permits* the trial court to deny a defendant his constitutional right to self-representation if the defendant is so severely mentally ill that he is unable to carry out the basic tasks necessary for self-representation. *See United States v. Thompson*, 587 F.3d 1165, 1171–72 (9th Cir.2009); *United States v. Ferguson*, 560 F.3d 1060, 1070 n. 6 (9th Cir. 2009). Despite Bravo–Mendoza's odd comments, the record establishes that he was able to represent himself. He made peremptory challenges during voir dire, cross-examined witnesses, presented a defense, introduced documents, testified, made a closing argument, made appropriate and timely motions for judgment of acquittal, and argued that his prior convictions were too old to be considered by the court at sentencing. Bravo–Mendoza was also assisted by, and frequently consulted with, competent stand-by counsel throughout the proceedings. The district court correctly respected Bravo–Mendoza's right to represent himself; furthermore, the record does not establish that Bravo–Mendoza was denied a fair trial.

AFFIRMED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.